MELISSA B. GRAHAM *et al., Appellees,* v. A. W CAIN,
*Appellant.*

No. 17,332.

### SYLLABUS BY THE COURT.

SCHOOL LANDS—*Settler—Time in Which to Purchase.* Under
section 1 of chapter 241 of the Laws of 1899 (Laws 1909, ch.
218, § 3, Gen. Stat. 1909, § 7648), which provides "that any
person who has resided on school land for a period of one
year, and who has neglected or refused to purchase the same
within said time, as herein provided, shall forfeit all rights,
title and interest to the same," a settler has one year after
the land has been appraised and brought into market in
which to purchase the same.

Appeal from Kiowa district court. Opinion filed
March 9, 1912. Affirmed.

*A. A. Graham,* and *Samuel Griffin,* for the appellant.
*L. M. Day,* for the appellees.

The opinion of the court was delivered by

PORTER, J.: This case turns upon the proper con-
struction to be given to the provision of section 7648
of the General Statutes of 1909 (Laws 1909, ch. 218,
§ 3), relating to the sale of school lands, which reads:

"*Provided further,* That any person who has re-
sided on school land for a period of one year, and who
has neglected or refused to purchase the same within
said time, as herein provided, shall forfeit all rights,
title and interest to the same."

This has been the law since 1899. (Laws 1899, ch.
241, § 1.)

The appellant's claim is that the year within which
the settler must purchase is reckoned from the time of
his settlement. The appellee contends and the trial
court held that the settler has one year after the land
has been appraised in which to purchase the same. We
think the latter is the proper construction. The words

Graham v. Cain.

"as herein provided" are held to apply to the method which must be pursued in order to purchase. School lands can not be purchased until they have been appraised. The legislature of 1909 changed the law to provide "That any settler who has resided on school land for a period of six months and has made improvements on such land to the value of one hundred dollars may have such land appraised as provided for in this section by making application to the county superintendent, and no petition of fifteen householders shall be required in such cases." (Laws 1909, ch. 218, § 1, Gen. Stat. 1909, § 7646.) Prior to the enactment of this provision it was not within the power of the settler to procure an appraisement of the land until a petition was presented, signed by the proper number of householders, asking that the land be exposed for sale. He might circulate a petition, but until he obtained sufficient signatures nothing would be done towards bringing the land into market. In enacting the provision of 1899, forfeiting the settler's rights for failure to purchase within a year "as herein provided," the legislature could hardly have intended that a person who had settled upon school lands and improved the same in good faith should forfeit his rights to purchase the land unless fifteen (or, as the law formerly provided, twenty) householders were willing to sign a petition to have the land appraised. The law in force at the time the ancestor of the appellees acquired his rights conferred no power upon him to appoint appraisers or to secure the appraisement. When the land has been appraised the settler must file his petition to purchase within sixty days thereafter. The appellees' ancestor purchased within sixty days after the appraisement. This was in accordance with the construction given to the act of 1899 by the attorney-general, and which, it seems, has been generally adopted in school-land sales throughout the state. The other question raised by the appeal need not be considered. The probate court

held that the ancestor of the appellees was entitled to. purchase the land. The state accepted payment in full and has issued a patent to the appellees. The appellant has failed to show any defect in the proceedings which would render the patent invalid.

The judgment is affirmed.